# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-2666 (JNE/FLN) |
| **PLAINTIFF**<br><br>**KEVIN M. BURKE**<br><br>**VS.**<br><br>**3M COMPANY AND ARIZANT HEALTHCARE, INC.** | **MASTER SHORT FORM COMPLAINT AND JURY TRIAL DEMAND** |

    1.    Plaintiff, Kevin M. Burke, states and brings this civil action in MDL No. 15-2666, entitled *In Re: Bair Hugger Forced Air Warming Products Liability Litigation*. Plaintiff is filing this Short Form Complaint as permitted by Pretrial Order #8 of this Court.

## PARTIES, JURISDICTION AND VENUE

    2.    Plaintiff, Kevin M. Burke, is a resident and citizen of the State of Florida and claims damages as set forth below.

    3.    Jurisdiction is proper based upon diversity of Citizenship.

    4.    Proper Venue: The District Court in which remand trial is proper and where this Complaint would have been filed absent the direct filing order by this Court is the District of Minnesota.

    5.    Plaintiff brings this action on behalf of himself.

## FACTUAL ALLEGATIONS

6. On or about May 18, 2004, Plaintiff underwent surgery during which the Bair Hugger Forced Air Warming system (hereinafter "Bair Hugger") was used during the course and scope of his right total knee arthroplasty ("TKA") at Lee Memorial Hospital, in Fort Myers, Florida, by Dr. John B. Fenning.

7. Contaminants introduced into Plaintiff's open surgical wound as a direct and proximate result of use of the Bair Hugger during the subject surgery resulted in Plaintiff developing a periprosthetic joint infection ("PJI"), also known as a deep joint infection ("DJI"). The Pathogen was identified as Staphylococcus aureus.

8. As a result of Plaintiff's infection caused by the Bair Hugger, Plaintiff underwent an irrigation and debridement procedure on or about July 6, 2004, repeat irrigation and debridement procedure on or about September 17, 2004, removal of implant and installation of an antibiotic spacer on or about August 24, 2005, and removal of antibiotic spacer and installation of a new implant on or about November 1, 2005 at Lee Memorial Hospital, in Fort Myers, Florida, by Dr. John B. Fenning.

## ALLEGATIONS AS TO INJURIES

9.  (a) Plaintiff claims damages as a result of:

__X__        INJURY TO HERSELF/HIMSELF

_____        INJURY TO THE PERSON REPRESENTED

_____        WRONGFUL DEATH

_____        SURVIVORSHIP ACTION

__X__          ECONOMIC LOSS

(b) Defendants, by their actions or inactions, proximately caused the injuries to Plaintiff.

### **DEFENDANT-SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY**

10.   The following claims and allegations are asserted by Plaintiff and are herein adopted by reference:

__X__          FIRST CAUSE OF ACTION - NEGLIGENCE;

__X__          SECOND CAUSE OF ACTION - STRICT LIABILITY;

    __X__          FAILURE TO WARN

    __X__          DEFECTIVE DESIGN AND MANUFACTURE

__X__          THIRD CAUSE OF ACTION – BREACH OF EXPRESS WARRANTY;

__X__          FOURTH CAUSE OF ACTION- BREACH OF IMPLIED WARRANTY OF MERCHANTBILITY LAW OF THE STATE OF FLORIDA, FLA. STAT. § 672.314;

__X__          FIFTH CAUSE OF ACTION- VIOLATION OF THE MINNESOTA PREVENTION OF CONSUMER FRAUD ACT;

__X__          SIXTH CAUSE OF ACTION – VIOLATION OF THE MINNESOTA DECEPTIVE TRADE PRACTICES ACT;

__X__          SEVENTH CAUSE OF ACTION- VIOLATION OF THE MINNESOTA UNLAWFUL TRADE PRACTICES ACT;

__X__          EIGHTH CAUSE OF ACTION- VIOLATION OF THE

| | |
|---|---|
| | MINNESOTA FALSE ADVERTISING ACT; |
| __X__ | NINTH CAUSE OF ACTION- CONSUMER FRAUD AND/OR UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER LAW OF THE STATE OF FLORIDA, FLA. STAT. § 501.001, ET SEQ.; |
| __X__ | TENTH CAUSE OF ACTION – NEGLIGENT MISREPRESENTATION; |
| __X__ | ELEVENTH CAUSE OF ACTION- FRAUDULENT MISREPRESENTATION; |
| __X__ | TWELFTH CAUSE OF ACTION – FRAUDULENT CONCEALMENT; |
| _____ | THIRTEENTH CAUSE OF ACTION – LOSS OF CONSORTIUM; |
| __X__ | FOURTEENTH CAUSE OF ACTION – UNJUST ENRICHMENT; and |
| __X__ | FIFTEENTH CAUSE OF ACTION – PUNITIVE DAMAGES. |

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages;

2. Pre-judgment and post-judgment interest;

3. Statutory damages and relief of the state whose laws will govern this action;

4. Costs and expenses of this litigation;

5. Reasonable attorneys' fees and costs as provided by law;

6. Equitable relief in the nature of disgorgement;

7. Restitution of remedy Defendants' unjust enrichment;

8. Punitive damages; and

9. All other relief as the Court deems necessary, just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all claims in Complaint so triable.

Dated: July 8, 2019

Respectfully submitted,

KENNEDY HODGES, LLP
By: /s/ David W. Hodges
David W. Hodges
dhodges@kennedyhodges.com
Gabriel A. Assaad
gassaad@kennedyhodges.com
4409 Montrose Blvd., Ste 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

ATTORNEYS FOR PLAINTIFF